UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
LEXINGTON

| | |
|---|---|
| CALEB ANDREW SMITH, ) | |
| ) | |
| Petitioner, ) | Case No. 5:25-cv-00303-GFVT |
| ) | |
| v. ) | |
| ) | |
| DAVID PAUL, WARDEN, ) | **MEMORANDUM OPINION** |
| ) | **&** |
| Respondent. ) | **ORDER** |
| ) | |

*** *** *** ***

Caleb Andrew Smith is incarcerated at the Federal Medical Center in Lexington, Kentucky. Proceeding without a lawyer, Smith filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in which he claims that the Federal Bureau of Prisons ("BOP") is improperly failing to transfer him to a residential reentry center or home confinement. [R. 1.]

This matter is now before the Court on initial screening pursuant to 28 U.S.C. § 2243. *See Alexander v. Northern Bureau of Prisons*, 419 F. App'x 544, 545 (6th Cir. 2011). The Court will deny Smith's petition without prejudice because it is plainly apparent from the face of his submission that he has not yet fully exhausted his administrative remedies. *See Settle v. Bureau of Prisons*, No. 16-5279, 2017 WL 8159227, at *2 (6th Cir. Sept. 20, 2017).

Under the law, there is a multi-tiered administrative grievance process within the BOP. If a matter cannot be resolved informally via a so-called BP-8 Form, the prisoner must file a BP-9 Administrative Remedy Request Form with the Warden, who has 20 days to respond. *See* 28 C.F.R. §§ 542.14(a) and 542.18. If the prisoner is not satisfied with the Warden's response, he may use a BP-10 Form to appeal to the applicable Regional Director, who has 30 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18. If the prisoner is not satisfied with the Regional

Director's response, he may use a BP-11 Form to appeal to the General Counsel, who has 40 days to respond. *See* 28 C.F.R. §§ 542.15 and 542.18.

Here, it is plainly apparent that Smith has not yet fully exhausted his administrative remedies. In fact, Smith admits, "I have not fully exhausted the administrative remedy process." [R. 1 at 8.] Smith's attached documents also show that he has not yet completed all the steps in the exhaustion process, through the BP-11 stage. [R. 1-1.] And although Smith says that "[t]he amount of time needed to exhaust the process precludes any possibility of sufficient respondent relief" [R. 1 at 8], he neither clearly explains why this would be the case nor correctly identifies legal authority that allows him to bypass the rest of the administrative grievance process and immediately proceed with his § 2241 petition. In this situation, where a petitioner's failure to exhaust his administrative remedies is apparent from the face of the pleading, sua sponte dismissal is appropriate. *See Kenney v. Ormond*, No. 17-5889 (6th Cir. May 7, 2018) (affirming this Court's decision denying a § 2241 petition for failure to exhaust).

Accordingly, and the Court being otherwise sufficiently advised, it is hereby **ORDERED** as follows:

1. Smith's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 [R. 1] is **DENIED** without prejudice. If necessary, Smith may file a new habeas petition regarding the matter raised once he has fully exhausted his administrative remedies, through the BP-11 stage;

2. This action is **DISMISSED** and **STRICKEN** from the Court's docket; and

3. The Court will enter a corresponding Judgment.

This 3d day of September, 2025.



2

Gregory F. Van Tatenhove
United States District Judge